**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CHRISTINE LING CHEN, Individually and on behalf of her Minor Child, A.G.B., Plaintiff, vs. INDIANA DEPARTMENT OF CHILD SERVICES, a state agency; TERRY STIGDON, in her official capacity as Director of the Indiana Department of Child Services; JODI STOCKDALE, in her official capacity as employee/agent of Indiana Department of Child Services; ALLISON LOVINS, in her official capacity as employee/agent of Indiana Department of Child Services; and AMANDA MYERS, individually and in her official capacity as employee/agent of Indiana Department of Child Services. Defendants. | Civil Action No.1:21-cv-1925 |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, CHRISTINE LING CHEN ("Ms. Chen"), individually and on behalf of her Minor Child, A.G.B. ("Minor Child"), by counsel, and for the *Complaint and Jury Demand* against the Defendants, INDIANA DEPARTMENT OF CHILD SERVICES ("DCS"), a state agency; TERRY STIGDON ("Stigdon"), in her official capacity as Director of the Indiana Department of Child Services; JODI STOCKDALE ("Stockdale"), in her official capacity as employee/agent of Indiana Department of Child Services; ALLISON LOVINS ("Lovins"), in her official capacity as employee/agent of Indiana Department of Child Services; and AMANDA

1

MYERS ("Myers"), individually and in her official capacity as employee/agent of Indiana Department of Child Services; and states as follows:

## I.     NATURE OF CASE

1. This action brought by Plaintiff, Christine Ling Chen ("Chen"), arises under violations of the Fourth and Fourteenth Amendments to the United States Constitution; Title VI of the Civil Rights Act of 1964 ("Title VI"), as amended, U.S.C. § 2000d et seq., 42 U.S.C. § 1983, 42 U.S.C. § 1988, Article I of the Indiana Constitution, Indiana Tort Claim Act, Indiana law for negligence, intentional infliction of emotional distress, malicious prosecution, abuse of process, and Indiana Code § 34-52-1-1.

## II.     JURISDICTION

2. This Court has jurisdiction pursuant to 28 USC § 1343(a)(3) and 28 USC §1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 USC § 1367 because such claims are so related to and intertwined with Plaintiff's federal claims that they form part of the same controversy.

3. Venue is proper in the Southern District of Indiana pursuant to 28 USC § 1391.

4. All individual Defendants reside in this district.

5. The events giving rise to this action occurred in this district.

6. The government agency Defendants maintain their principal offices in this district.

## III.     PARTIES

7. Plaintiff, Christine Ling Chen, resides at 1906 Central Avenue, Columbus, Bartholomew County, Indiana. At all times relevant, Ms. Chen resided in Columbus, Bartholomew County, Indiana.

8. Christine Ling Chen is the Mother of the Minor Child, A.G.B.

9. Defendant DCS is an agency or instrumentality of the State of Indiana.

10. Defendant Stigdon was, at all relevant times, employed as Director of DCS.

11. Defendant Stockdale was, at all relevant times, employed as the Local Office Director of the Bartholomew County office of DCS.

12. Defendant Lovins was, at all relevant times, employed as a Family Case Manager Supervisor at the Bartholomew County office of DCS.

13. Defendant Myers was, at all relevant times, employed as the Family Case Manager responsible for handling the investigation relevant to and giving rise to this litigation.

14. DCS, Stigdon, Stockdale, Lovins, and Myers shall be referred to collectively as the "Defendants". The Defendants' actions alleged herein were taken under color of law and scope of their employment with DCS.

15. The Defendants, while acting under the color of state law and in the scope of the employment, intentionally:

   A. Deprived Ms. Chen of her constitutionally protected and fundamental liberty interests without due process;

   B. Unlawfully restricted Ms. Chen's access to her child and her residence;

   C. Failed to comply with statutorily mandated substantive and procedural requirements in child in need of services proceedings;

   D. Filed false affidavits and pleadings to persuade a court to remove the Minor Child from Ms. Chen's care and place her in the custody of the state government; and

   E. Placed Ms. Chen on the Child Protection Index, an index of persons having been found to committed acts of "substantiated" child abuse or neglect based on a cursory, biased assessment when in fact no such abuse or neglect occurred.

## IV.   ALLEGATIONS APPLICABLE TO ALL COUNTS

16. On or about February 14, 2020, DCS received a report alleging that A.G.B. was a victim of neglect.

17. The allegations of neglect were reportedly made against Ms. Chen only.

18. A.G.B. is a child born out of wedlock and Ms. Chen had sole legal and physical custody of the Minor Child.

19. On or about February 14, 2020, Myers interviewed the Child's non-custodial father, Robert Brewer, at the family's residence.

20. On or about February 14, 2020, Myers entered into a safety plan with the Child's non-custodial father restricting Ms. Chen's access to her child indefinitely.

21. Defendants knew or should have known that Ms. Chen's care, custody and control of her Minor Child were restricted by the acts and omissions of Myers and Lovins.

22. Defendants were aware that the father had no legal custodial rights to the Minor Child.

23. According to the assessment of alleged child abuse and neglect report prepared by Myers and approved by Lovins, during the visit of the family's home on February 14, 2020, Myers observed the Minor Child to be "clean, nourished, appropriately dressed and free from any visible signs of abuse or neglect. Myers observed the home to be "appropriate with a food supply, running water, a functioning toilet, and appropriate sleeping arrangements."

24. On February 15, 2020, having already restricted Ms. Chen's access to her Minor Child and to her residence, Myers interviewed Ms. Chen.

25. Defendants assumed custody of the Minor Child without a court order despite the

absence of any risk of serious endangerment or serious impairment of the Minor Child's physical or mental condition and the absence of any other exigent circumstances.

26. Defendants removed Ms. Chen from her home without the requisite temporary protective order.

27. Defendants failed to timely notify Ms. Chen that DCS was taking the Minor Child into custody.

28. Defendants failed to timely schedule a statutorily mandated hearing and failed to release the child to Ms. Chen.

29. Defendants failed to make reasonable efforts to provide services to prevent the removal of the Minor Child.

30. Defendants failed to make reasonable efforts to reunify the Child with Ms. Chen.

31. Defendants failed to timely advise Ms. Chen of her rights.

32. Defendants failed to conduct an appropriately thorough assessment of the reported allegations of child abuse and neglect.

33. On or about February 27, 2020, Defendants reviewed the safety plan entered into by Myers and the non-custodial father and determined that Ms. Chen's care, custody, and control of her Minor Child were restricted as a result of Defendants' actions.

34. On February 28, 2020, Defendants acknowledged that Ms. Chen's rights to the care and custody of her Minor Child had been violated and decided to schedule a hearing with the Court.

35. The first hearing in the matter was not held until March 2, 2020, more than 17 days after Defendants restricted Ms. Chen's access to her Minor Child.

36. At the hearing on March 2, 2020, Myers knowingly and intentionally misrepresented to

the Court that the Minor Child had been detained on February 28, 2020, rather than the actual date of removal which was February 14, 2020.

37. Defendants knowingly and intentionally misrepresented the facts regarding DCS' involvement in the case and the unlawful detention of the Minor Child in court pleadings, court reports, DCS documents, and in Court hearings.

38. Ms. Chen's first contact with her Minor Child after DCS' involvement did not occur until February 29, 2020, and such contact was limited to supervised contact at the DCS office.

39. From February 29, 2020, through July 10, 2020, DCS only permitted supervised contact between Ms. Chen and her Minor Child.

40. On or about July 10, 2020, DCS voluntarily moved to dismiss its Petition alleging that the Child was a child in need of services and the Court granted DCS' motion without adjudication in the case.

41. DCS based its findings and substantiations on speculation, guesswork, implicit bias, and a general disdain for Ms. Chen.

## V.     CAUSES OF ACTION

### COUNT 1: Violation of the Fourteenth Amendment to the U.S. Constitution
*Substantive Due Process*

42. Ms. Chen incorporates all of the paragraphs above as if fully set forth herein.

43. Defendants unlawfully infringed upon the substantive due process rights of the Ms. Chen when Defendants, without lawful authority and in violation of DCS policy and protocol, removed the Minor Child from the care of Ms. Chen.

44. Defendants unlawfully interfered in the family relationship of Ms. Chen and her Minor Child.

45. Defendants' conduct violated the substantive due process rights of Ms. Chen

to direct the care and upbringing of her Minor Child.

46. Defendants violated Ms. Chen's fundamental right to privacy which includes the right to raise her Minor Child as she sees fit.

47. Defendants' conduct deprived Ms. Chen of her parental rights to have care, custody, and control of her Minor Child.

48. Defendants acted under color of state law.

49. During the child in need of services proceedings, Defendants intentionally failed to disclose information to the Court and intentionally misrepresented the facts in the case.

50. Defendants' actions proximately caused Ms. Chen's damages.

51. Defendants' actions were undertaken pursuant to a custom, policy, or practice of the local office of DCS.

### COUNT 2: Violation of the Fourth Amendment to the U.S. Constitution
*Unreasonable Search and Seizure*

52. Ms. Chen incorporates all of the paragraphs above as if fully set forth herein.

53. Defendants' removal of the Minor Child constituted an unreasonable seizure of her person. Defendants removed the Child without a warrant, probable cause, or exigent circumstances.

54. Defendants engaged in the foregoing conduct with actual knowledge that they were not in possession of facts to support a child in need of services petition pursuant to Ind. Code § 31-34-1, *et seq.*

55. Defendants utilized law enforcement in furtherance of their unlawful actions.

56. Defendants acted under color of state law.

57. Defendants' actions were reckless, willful, and malicious.

58. Defendants' actions were deliberate and purposeful, with the intent to deprive Ms. Chen

of her liberty, property, and parental rights.

59. Ms. Chen sustained damages as a result of Defendants' wrongful conduct.

COUNT 3: Abuse of Process

60. Ms. Chen incorporates all of the paragraphs above as if fully set forth herein.

61. Defendants initiated and maintained the child in need of services proceedings maliciously and without probable cause.

62. Defendants, with knowledge that there was no factual basis for the allegations made in the child in need of services proceeding, utilized the legal process to force Ms. Chen to surrender custody of her Minor Child.

63. Defendants, with knowledge that there was no factual basis for the allegations made in the child in need of services proceeding, utilized the legal process to interfere with Ms. Chen's parental rights.

64. Defendants interfered with Ms. Chen's parental rights by using the child in need of services proceedings to change custody and by using the child in need of services proceedings as a tool to do so.

65. Defendants willfully ignored and failed to disclose to the child in need of services Court their acts and omissions in violation of mandated statutes.

66. Defendants' conduct was abusive, willful, malicious, and designed to conceal Defendants' wrongful conduct and avoid public embarrassment.

67. Ms. Chen and her Minor Child sustained damages as a result of Defendants' unlawful action.

COUNT 4: Frivolous Litigation

68. Ms. Chen incorporates all of the paragraphs above as if fully set forth herein.

69. Defendants filed the child in need of services action without any factual or legal basis. The action was frivolous, unreasonable, or groundless as those terms are defined under Indiana law.

70. Defendants continued to maintain the action even when they had actual knowledge that there were no facts to support it.

71. Defendants litigated the action in bad faith.

72. Defendants' actions were willful and intentional.

73. Ms. Chen sustained damages as a result of Defendants' wrongful actions

### COUNT 5: Intentional Infliction of Emotional Distress

74. Ms. Chen incorporates all of the paragraphs above as if fully set forth herein.

75. Defendants intentionally and/or recklessly engaged in extreme and outrageous conduct which caused Ms. Chen and her minor Child severe emotional distress.

76. Defendants unlawfully interfered with Ms. Chen's constitutionally protected rights.

77. Defendants, with knowledge that the allegations were unsubstantiated, utilized the legal process to coerce Ms. Chen into allowing the Defendants to interfere with her parental rights.

78. In the child in need of services proceedings, Myers and Lovins, intentionally misrepresented and/or omitted facts regarding DCS' involvement with the family.

79. Defendants lacked a good faith actual basis to pursue their claims, but nonetheless refused to dismiss the action until and unless Ms. Chen consented to a temporary change of custody of her child to the non-custodial father.

80. FCM Myers and FCM Lovins' conduct resulted in the continued removal of the Minor Child from Ms. Chen.  This conduct caused Ms. Chen severe emotional distress.

81. Defendants' conduct – which amounts to legally sanctioned kidnapping – was beyond

any conduct acceptable for the behavior of government officials so as to be regarded as atrocious and unconscionable.

82. Ms. Chen sustained damages as a result of the Defendants' unlawful actions.

WHEREFORE, Plaintiff, Christine Ling Chen, individually and on behalf of her Minor Child, A.G. B., by counsel, respectfully prays that the Court enter judgment in her favor against Defendants, jointly and severally, for damages sufficient to compensate for losses, reasonable attorneys' fees, and litigation expenses together with interest as permitted by law, costs, and all other relief deemed just and proper in the premises.

## REQUEST FOR JURY TRIAL

Ms. Chen, individually and on behalf of her Minor Child, A.G.B, requests this matter to be tried by jury on all issues so triable as a matter of right.

Respectfully submitted,

/s/ Dianna L. Mejia

Dianna L. Mejia
The Law Offices of Dianna L. Mejia
2322 Nugent Circle
Urbana, IL 61802
317-464-7300
dianna@mejiafamilylaw.com
Ind. Bar No. 23352-64

*Attorney for Plaintiff, Christine Ling Chen,*
*on behalf of herself and her Minor Child,*
*A.G.B*